JUSTICE DONOHUE, Concurring
I join in the Majority's determination that Excela Health ("Excela") waived attorney-client privilege when its in-house counsel (Timothy Fedele ("Fedele")) disseminated confidential communications prepared by an outside attorney to a third party, Molly Cate ("Cate"), a principal of a public relations consulting firm (Jarrard, Phillips, Cate & Hancock ("Jarrard")). I also concur in the Majority's decision to adopt a test for waiver of the work product privilege akin to that set forth in section 91(4) of the Restatement (Third) of the Law Governing Lawyers ("Restatement"). I write separately, however, to offer what I consider to be a significant, if not dispositive, consideration for the trial court when applying the test adopted here on remand.
With respect to the attorney-client privilege, the Majority correctly indicates that the general rule is that this privilege is waived when the confidential communication at issue is shared with a third party. Majority Op. at 981. The Majority recognizes that Jarrard was a third party, as Cate was not an employee, officer, executive or director of Excela. Id. at 985. Moreover, no exception to the general rule applied here, as Fedele's transmittal of the confidential communication was not for the purpose of assisting outside counsel in providing legal advice to Excela. Id. Fedele did not request input, advice or an opinion on outside counsel's work from Jarrard. Id. As a result, Fedele's sharing of outside *987 counsel's communications with Cate resulted in a clear waiver of the attorney-client privilege.
Turning to the issue of waiver of the work product doctrine,[1] the starting point *988 must be this Court's recognition in Lepley v. Lycoming County Court of Common Pleas , 481 Pa. 565, 393 A.2d 306 (1978) that work product is "not protected against compelled disclosure by a Constitutional, statutory, or common-law privilege[.]" Id. at 310. Instead, protection for an attorney's work product is set forth in Rule 4003.3 of our procedural rules as adopted by this Court:
Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his or her attorney, consultant, surety, indemnitor, insurer or agent. The discovery shall not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his or her mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics.
Pa.R.C.P. 4003.3 (emphasis added).
On its face, the highlighted portion of the rule suggests that an attorney's work product may never be subject to discovery during litigation, as it does not appear to admit to any exceptions. In practice, however, this is not the case. The explanatory comment provides one such exception, specifically the circumstance in which the legal opinion of an attorney becomes a relevant issue in the litigation, including for example in an action for malicious prosecution or abuse of process in which the defense is based upon a good faith reliance on the advice of counsel. Pa.R.C.P. 4003.3 Explanatory Comment. Moreover, Excela freely admits that the work product protection may be waived if it is given "to a newspaper, putting it on a website, or otherwise widely disseminating [it.]" Excela's Reply Brief at 10.
In determining when work product protections have been waived, I agree with the Majority's adoption of a test aligned with the one set forth in section 91 of the Restatement.[2] This provision states, in relevant part, that "[w]ork-product immunity is waived if the client, the client's lawyer, or another authorized agent of the client ... discloses the material to third persons in circumstances in which there is a significant likelihood that an adversary or potential adversary in anticipated litigation will obtain it." Restatement § 91(4) (2000). As the Majority appropriately notes, this test *989 has been widely adopted and applied by federal and state courts alike. See, e.g. , In re Chevron Corp. , 633 F.3d 153, 165 (3d Cir. 2011) ; United States v. Massachusetts Institute of Technology (MIT) , 129 F.3d 681, 687 (1st Cir. 1997) ; Continental Cas. Co. v. Under Armour, Inc. , 537 F. Supp. 2d 761, 772 (D. Md. 2008) ; Kittitas Cty. v. Allphin , 190 Wash.2d 691, 416 P.3d 1232, 1243 (2018), as amended (June 18, 2018); O'Boyle v. Borough of Longport , 218 N.J. 168, 94 A.3d 299, 313 (2014) ; Am. Zurich Ins. Co. v. Mont. Thirteenth Judicial Dist. Court , 364 Mont. 299, 280 P.3d 240, 248 (2012).
This test is appropriate under Pennsylvania law. Waiver of work product immunity should appropriately be limited in accordance with the purpose of its protections, which this Court described in the explanatory comment to Rule 4003.3 to be "to keep the files of counsel free from examination by the opponent[.]" Pa.R.C.P. 4003.3 Explanatory Comment - 1978. Whereas the attorney-client privilege is designed to protect confidentiality, the work product doctrine works to protect against disclosure to adversaries. Id. Section 91 of the Restatement appropriately limits instances of waiver in accordance with the essential purpose for providing the doctrine's protections - to keep the work product from adversaries in litigation.
For purposes of remand to the trial court, one refinement to the test for waiver of work product adopted here is in order. As described by the Majority, the test requires an analysis of whether the work product is "disclosed in a manner which significantly increases the likelihood that an adversary or potential adversary will obtain it." Majority Op. at 978 (emphasis added). As such, the manner of disclosure is an important consideration in applying the test, as disclosure must be effectuated by taking adequate precautions to ensure that the information cannot find its way into the hands of an adversary. As one federal court has keenly observed, "failure to take adequate precautions to prevent an adversary from obtaining work product information warrants waiver because '[i]ndifference to such a consequence indicates that protection of the immunity was not important to the person claiming the protection.' " Continental , 537 F. Supp. 2d at 772 (quoting Restatement § 91 comment b); see also Chevron , 633 F.3d at 165 (waiver occurs only when "the material is disclosed in a manner inconsistent with keeping it from an adversary"); MIT , 129 F.3d at 687 ("disclosing material in a way inconsistent with keeping it from an adversary waives work product material"); O'Boyle , 94 A.3d at 313 ) ("The inquiry invariably devolves to an examination of the nature of the disclosure itself.").
As a result, in applying the waiver test, the trial court will need to focus on whether Fedele, when disseminating outside counsel's work product to Cate, took any or all of the necessary and available precautions to reduce or eliminate the likelihood that the information could be obtained by Appellant, Dr. BouSamra.[3] The *990 manner in which Fedele disseminated the work product information will thus be an important, if not dispositive, consideration in deciding whether a finding of waiver is in order.
Justices Todd and Dougherty join this concurring opinion.

See also Pa.R.C.P. 4003.3 cmt. ("The essential purpose of the Rule is to keep the files of counsel free from examination by the opponent[.]").

Subsection 4 of Section 91 states: "Work-product immunity is waived if the client, the client's lawyer, or another authorized agent of the client ... discloses the material to third persons in circumstances in which there is a significant likelihood that an adversary or potential adversary in anticipated litigation will obtain it." Restatement (Third) of the Law Governing Lawyers , § 91(4) (2000).

The D.C. Circuit also recognized that "[t]he existence of common interests between [the disclosing party] and [the recipient] is relevant to deciding whether the disclosure is consistent with the nature of the work product privilege." Id. at 141 (citing United States v. AT & T , 642 F.2d 1285, 1299 (D.C. Cir. 1980) ). "This is true because when common litigation interests are present the transferee is not at all likely to disclose the work product material to the adversary." Id. Although the D.C. Circuit will find no waiver where common litigation interests are shared by the disclosing party and the recipient, the Restatement implies that courts need not so narrowly construe the common interest exception. See Restatement (Third) of the Law Governing Lawyers , § 91 cmt. b. ("Work product ... may generally be disclosed to ... the client's business advisers or agents, ... or persons similarly aligned on a matter of common interest."). The common interest of the disclosing party and the receiving party may be a factor in determining whether waiver results in disclosure, regardless of whether the two are co-parties in litigation or anticipated litigation.